## CATHERINE SCULLIN *v.* WILLIAM DOLAN.

The plaintiff was injured while passing along the public street, by the falling of the stone coping from defendant's chimney. But, it not appearing that the chimney was insecure, or unfit for the purpose for which it was intended, and it being shown that the stone coping was accidentally thrown off the chimney by a third person, while in the improper and unauthorized use of it, *Held*, that the defendant was not liable as for negligence, and a nonsuit should have been directed.

EXCEPTIONS to a judge's charge to the jury ordered to be heard at general term.

Action for defendant's negligence, whereby a piece of the coping of the chimney on defendant's house fell and injured plaintiff, who was passing by on the sidewalk. On the trial it appeared, by undisputed evidence, that the injury occurred in the following manner: Several of the occupants of defendant's tenement house, in Mulberry street, were on the roof engaged in beating a carpet. One of them, a boy named McCarthy, got on the railing surrounding the roof, in order to fix or attach a rope to one of the poles. His foot slipped, and in falling, to save himself, he caught the coping of the chimney, and pulled or pushed a piece of it off, which fell on the slanting roof of the adjoining house, and slipped thence to the street, striking the plaintiff on the way. The judge charged that, if the chimney was in an improper condition, defendant was liable, without

regard to the act of the boy which caused the coping to fall. Defendant excepted to this direction.

*F. Smyth,* for defendants.

Negligence being the foundation of this action, the defendant cannot be held liable for the acts of any person other than his servant or agent, and it was conceded that McCarthy was neither (*Eakin* v. *Brown,* 1 E. D. Smith, 44; *Gourdier* v. *Cormack,* 2 Id. 200; *Blake* v. *Ferris,* 5 N. Y. 48; *Pack* v. *Mayor, &c.* 8 Id. 222; *Wright* v. *Wilcox,* 19 Wend. 343; *Clark* v. *Foot,* 8 Johns. 421; *Moore* v. *Goedel,* 7 Bosw. 591; *Stevens* v. *Armstrong,* 6 N. Y. 435; *Robbins* v. *Mount,* 4 Rob. 553).

*B. F. Einstein,* for plaintiff.

The circumstance of the boy McCarthy, between whom and the plaintiff there was no privity, having displaced the fatal stone, upon the presumption that he had no right to be where he was, does not relieve the defendant from liability, but only adds another party to the negligence (*Webster* v. *Hudson R. R. R. Co.* 38 N. Y. 260; *Sheridan* v. *Brooklyn & New. R. R.* 36 Id. 39; *Clark* v. *Eighth Ave. R. R. Co.* Id. 135; *Brown* v. *N. Y. C. R. R.* 32 Id. 597; *Althorf* v. *Wolf,* 22 Id. 355; *Colgrove* v. *N. Y. & N. H. R. R. Co.* 20 Id. 492; *Chapman* v. *N. H. R. R. Co.* 19 Id. 341; *Congreve* v. *Morgan,* 18 Id. 84; *McCahill* v. *Kipp,* 2 E. D. Smith, 413; Shearm. & Redf. on Neg. § 46).

By the Court.*—Larremore, J.—The evidence in this case fails to establish any liability on the part of the defendant, and would have justified a peremptory instruction to that effect by the court below. There can be no doubt that the owner is responsible for his negligence either in constructing or upholding the freehold (*Eakin* v. *Brown,* 1 E. D. Smith, 36), but for the negligent use of it by others, he cannot be made liable. He has met the requirements of the law when each and

* Present, Daly, Ch. J., Robinson and Larremore, JJ.

every part of the building is properly and securely adapted to its particular use.

It is not shown that the chimney in question was unfit for the purpose for which it was intended, and the improper and unauthorized use of it for any other purpose, whereby a third party was injured, cannot create a liability on the part of the owner.

I think the exceptions upon this point were well taken, and that the defendant should have judgment in his favor.

Judgment for defendant.